# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1306V
UNPUBLISHED

| | |
|---|---|
| SARAH LOPEZ,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 17, 2023<br><br>Show cause; failure to prosecute; influenza (flu) vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Heather L. Pearlman,* U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On May 3, 2021, Sarah Lopez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa—10 through 34.[2] Petitioner alleges that she suffered from a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccine on September 30, 2020. ECF No. 1. Due to Petitioner's failure to prosecute her claim, this case is **DISMISSED**.

### Relevant Procedural History

On May 3, 2021, the PAR Initial Order issued requiring Petitioner to file medical records, an affidavit, and other statutorily required supporting documentation. ECF No. 5. Petitioner filed some medical records and a Statement of Completion on August 25, 2022. ECF Nos. 15, 16.

On August 26, 2022, Petitioner's counsel filed a motion for ruling on the record. ECF No. 17. Counsel stated that she and "members of her staff have attempted for several months to contact petitioner to obtain the necessary documentation and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986 ("Vaccine Act"), Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner's affidavit to comply with PAR. However, Petitioner has not responded to counsel's telephone calls or email messages." *Id.* at 1. Counsel indicated that "[n]o additional records are available or will be filed in this case" and that she "believes the case is ready for disposition." *Id.* at 2.

As noted by counsel in the motion for ruling on the record, Petitioner has not yet submitted the statutorily required affidavit. While I would typically issue an order for Petitioner to file the missing affidavit, counsel explained her various unsuccessful efforts to contact Petitioner and obtain the affidavit. Given the admitted lack of communication with the Petitioner, I cannot entertain a motion for ruling on the record at this point, since it has not in fact *been established* that the Petitioner in fact understands the implications of her failure to communicate with counsel. However, a petitioner's non-responsiveness can result in a failure to adhere to my orders – which is an accepted, alternative basis for a claim's dismissal.

On September 1, 2022, I issued an Order to Show Cause noting that Petitioner had not yet filed her statutory affidavit. ECF No. 18. The Order warned that the case would be dismissed for failure to prosecute if Petitioner did not file the outstanding documents or otherwise respond to the order.

On September 22, 2022, Petitioner's counsel filed a receipt indicating that the Order to Show Cause had been sent to Petitioner by certified mail. ECF No. 19. Review of the tracking number on the receipt indicates that the Order to Show Cause was delivered. On November 2, 2022, Petitioner's counsel filed a status report confirming "that no additional medical records exist, and that all medical records have been previously filed" and indicating that "Petitioner stands on her Motion for Ruling on the Record." ECF No. 20.

On November 18, 2022, the Clerk's Office docketed that the Order to Show Cause served on Petitioner by the Court had been returned because it was "unclaimed, unable to forward." ECF No. 21. The show cause deadline passed without any response from Petitioner.

**Grounds for Dismissal**

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this

case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

      Petitioner was specifically advised in my September 1, 2022 Order to Show Cause that failure to follow orders issued in this matter (and failure to communicate with her counsel which prevents compliance with those order) risked dismissal of the claim. As noted in the Order to Show Cause, Petitioner has been out-of-touch with her counsel for at least several months before the August 26, 2022 motion for ruling on the record. Because Petitioner has continued to disregard my orders, without justification or explanation, dismissal is now appropriate.

      **Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

                                             **s/Brian H. Corcoran**
                                             Brian H. Corcoran
                                             Chief Special Master

---

[3] If Petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."